[relates to Docket Item 2]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA VENNER,            :  | HON. JEROME B. SIMANDLE |
| Plaintiff,       :           | Civil No. 07-4040 (JBS) |
| v.              :            | |
| BANK OF AMERICA & JUDITH   :  | **MEMORANDUM OPINION** |
| JENNINGS,                    | |
| Defendants.   :              | |

**SIMANDLE**, District Judge:

    This matter is before the Court on Plaintiff's motion for an "emergency stay" of a state court judgment [Docket Item 2]. THIS COURT FINDS AS FOLLOWS:

1. The facts underlying this case are not entirely evident from the four-sentence Complaint that initiated this action and Plaintiff's two-sentence motion for an "emergency stay." However, the Court infers from the representations of Defendant Bank of America ("BOA") in its opposition brief and the exhibits attached thereto that the case centers around a mortgage loan that Plaintiff had obtained from the Pulte Mortgage Corporation ("PMC"), and which PMC assigned to BOA. The mortgage agreement appears to authorize BOA to pay Plaintiff's condominium dues, liens, and other expenses that could affect its rights in the mortgaged property if Plaintiff failed to make such payments, and to add such sums to Plaintiff's mortgage loan debt. (Def. BOA's

Opp'n Br. Ex. A.)  BOA apparently made numerous such payments when Plaintiff failed to do so and brought a foreclosure action in the Superior Court of New Jersey.

2.  In two orders dated November 16, 2006 and August 22, 2007, the Superior Court granted BOA's motion for summary judgment on its foreclosure suit and directed the Foreclosure Unit of the Clerk of the Court to "enter Final Judgment in favor of [BOA] in accord with [BOA's] Motion for Entry of Final Judgment in Foreclosure."  (Def. BOA's Opp'n Br. Exs. B, C.)

3.  On August 23, 2007, one day after the entry of the second Superior Court order, Plaintiff filed a Complaint with this Court.  Plaintiff's Complaint alleges that BOA "breached its agreement with Plaintiff under Federal Fair Debt Collection Practices by using false claims of Plaintiff owing federal property taxes that were not being paid by the plaintiff but was being paid by the Defendant from an escrow account set up by the Defendant . . ."  (Compl.)  Plaintiff filed the instant motion for an "emergency stay" of the Superior Court judgment on the same day she filed the Complaint.

4.  The Court will deny Plaintiff's motion because it is barred by the Rooker-Feldman doctrine.  That doctrine, in brief, provides that federal district courts lack subject matter jurisdiction to entertain appeals from state court judgments. Gary v. Braddock Cemetery, --- F.3d ----, 2008 WL 343320, at *3

(3d Cir. 2008).  More specifically, under the Rooker-Feldman doctrine a district court does not have jurisdiction over the claims of "state-court losers" which complain of "injuries caused by a state-court judgment rendered before the district court proceedings commenced and inviting district court review and rejection of that judgment."  Id. (quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005)).

5.  Applying the Rooker-Feldman doctrine to Plaintiff's motion, it is clear that this Court does not have jurisdiction to grant the relief Plaintiff seeks.  Plaintiff is a state-court loser, in that the Superior Court action was resolved in BOA's favor, and her motion appears to complain of injuries rendered by the Superior Court's judgment in BOA's foreclosure action.  Gary, --- F.3d ----, at *3.  Likewise, the Superior Court's judgment was rendered before the proceedings in this District Court were initiated.  Id.  Finally, the very nature of the relief sought in Plaintiff's motion – an "emergency stay" of the Superior Court's judgment – would require this Court to review and enjoin the enforcement of that judgment, which the Rooker-Feldman doctrine proscribes.  Plaintiff must raise any objection she has to the Superior Court's judgment through the normal state appellate review process, rather than attempting to "appeal" the judgment of the Superior Court to this Court – an appeal which this District Court lacks jurisdiction to entertain.

6. Finding that it lacks jurisdiction to grant the relief that Plaintiff seeks, the Court will deny Plaintiff's motion for an emergency stay.  The accompanying Order will be entered.


**March 5, 2008**                                        **s/ Jerome B. Simandle**
Date                                                     JEROME B. SIMANDLE
                                                         U.S. District Judge