IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

PATRICIA VENNER,

            Plaintiff,

        v.

BANK OF AMERICA & JUDITH
JENNINGS,

            Defendants.

HON. JEROME B. SIMANDLE

Civil No. 07-4040 (JBS/JS)

**MEMORANDUM OPINION**

---

**SIMANDLE**, District Judge:

    This matter is before the Court upon Defendants' motions for summary judgment [Docket Items 29 and 30].  THIS COURT FINDS AS FOLLOWS:

    1.  Plaintiff Patricia Venner, proceeding <u>pro</u> <u>se</u>, filed this action on August 23, 2007 against Defendants Bank of America ("BOA") and Judith Jennings, Esq., asserting that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, <u>et</u> <u>seq.</u>[1]

---

    [1]  In her Complaint, Plaintiff describes Defendants' alleged FDCPA violation as follows:

> Using deceptive practices and misrepresentation of a federal property lien tax against Plaintiff's property, that was not owed, but used federal tax lien as a tool for bank to make a wrongful payment to attorney Judith Jennings in the amount of $19,400.00, by fraudulent means to sell Plaintiff's property . . .

> The Defendant breached its agreement with Plaintiff under federal Fair Debt Collection Practices, by using false claims of Plaintiff owing federal property taxes that were not being paid by the Plaintiff but was being paid

2.   According to the evidence in the record, Plaintiff obtained a mortgage loan from Pulte Mortgage Corporation ("PMC") on December 9, 1999 in the amount of $65,500.00, which PMC assigned to BOA on June 1, 2000.  (Docket Item 9 Ex. A at 1.) The mortgaged premises is an apartment in a complex known as the Summerhill Condominium Association ("SCA").  (Id.)  Defendant Jennings is an attorney who represents the SCA.  (Jennings Br. Ex. 8 at 1.)

3.   The mortgage's "condominium rider" provides:

> If Borrower does not pay condominium dues and assessments when due, then Lender may pay them.  Any amounts disbursed by Lender under this paragraph [] shall become additional debt of Borrower secured by the Security Instrument.  Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

(Hanusek Cert. Ex. A at 2.)

4.   Pursuant to the condominium rider, BOA made $19,349.53 in such condominium payments which Plaintiff failed to pay, and, upon Plaintiff's failure to make her mortgage payments, instituted a foreclosure action in the Superior Court of New Jersey (the "BOA action").  (Hanusek Cert. Ex. C at 1.) Plaintiff asserted a counterclaim in the BOA action, in which,

---

by the Defendant from an escrow account set up by the Defendant, that was known to the Defendant in order for the bank to foreclose on Plaintiff's property.

(Compl. at 1-2.)

like in this case, she argued that she had not, in fact, failed
to make the $19,349.53 in payments to her condominium association
because "[she] did not owe[] the $19,349.53 in taxes stated by
[BOA] that caused [her] to be short in [her] escrow account,"
(Hanusek Cert. Ex. B at 2); as in this case, Ms. Venner argued
that BOA's payment of the condominium dues was the product of an
arrangement between BOA and Ms. Jennings to achieve the
foreclosure of her property.  (Hanusek Cert. Ex. D at 1.)

    5.   BOA moved for summary judgment in the BOA action, which
the Hon. Ronald E. Bookbinder granted in an order dated November
16, 2006.  (Hanusek Cert. Ex. C at 1.)  Judge Bookbinder
thereafter denied Ms. Venner's motion seeking to oppose the entry
of final judgment of foreclosure, and entered such final judgment
in an order dated August 22, 2007.[2]  (Hanusek Cert. Ex. D at 1.)
Ms. Venner did not file an appeal from Judge Bookbinder's order.

    6.  On November 27, 2006, Plaintiff commenced a separate
action against Defendant Jennings in the Superior Court of New

---

    [2]  Plaintiff filed this action the day after the final
judgment in the BOA action was entered.  The day she filed her
Complaint, Plaintiff filed a motion seeking an emergency stay of
the foreclosure judgment [Docket Item 2].  The Court determined
that, pursuant to the Rooker-Feldman doctrine, it lacked
jurisdiction to entertain Plaintiff's motion for an emergency
stay.  (Docket Item 19 at 3) (explaining that "a district court
does not have jurisdiction over the claims of 'state-court
losers' which complain of 'injuries caused by a state-court
judgment rendered before the district court proceedings commenced
and inviting district court review and rejection of that
judgment'") (quoting Exxon Mobil Corp. v. Saudi Basic Industries
Corp., 544 U.S. 280, 284 (2005)).

Jersey (the "Jennings action").  (Jennings Br. Ex. 23 at 1.)  In
the sole claim asserted in her Complaint, Plaintiff alleged:

> Judith Jennings committed fraud against Plaintiff causing
> her property to be foreclosed upon for misrepresentation
> of fees.  She took $19,349.53 from a bank with false
> statements of taxes[.]  Plaintiff['s] property is being
> foreclosed on by the bank.  Her credit [went] . . . from
> good to bad.  The fraud has caused stress and hardship
> upon Plaintiff."

(Id. at 2.)  Ms. Jennings moved for summary judgment in the suit
Ms. Venner had commenced against her.  In opposing Ms. Jennings'
motion for summary judgment, Ms. Venner argued that "Ms. Jennings
has wrongfully and knowingly under false intents collected money
she [should] not have received from the bank."  (Jennings Reply
Br. Ex. F at 5.)  The Hon. Marc M. Baldwin granted Ms. Jennings'
motion for summary judgment in an order entered May 8, 2008,
although the basis for his ruling is not evident from the
evidence in the record.  (Jennings Br. Ex. 24 at 1.)

     7.  For the reasons now discussed, the Court will grant
BOA's motion for summary judgment,[3] finding that New Jersey's
Entire Controversy Doctrine bars Plaintiff's claim against it.

---

     [3]  Summary judgment is appropriate when the materials of
record "show that there is no genuine issue as to any material
fact and that the moving party is entitled to judgment as a
matter of law."  Fed. R. Civ. P. 56(c).  In deciding whether
there is a disputed issue of material fact, the court must view
the evidence in favor of the non-moving party by extending any
reasonable favorable inference to that party; in other words,
"the nonmoving party's evidence 'is to be believed, and all
justifiable inferences are to be drawn in [that party's] favor.'"
Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v.
Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

4

Additionally, as is explained below, the Court will dismiss
Defendant Jennings' motion for summary judgment without prejudice
to refiling.

8.   As an initial matter, the Court recognizes that it "must
give to a state-court judgment the same preclusive effect as
would be given that judgment under the law of the State in which
the judgment was rendered." Walker v. Horn, 385 F.3d 321, 337
(3d Cir. 2004) (citation omitted).  Among the preclusive
doctrines that apply to judgments rendered by New Jersey courts
are the Entire Controversy Doctrine and the doctrine of
collateral estoppel.  See In re Mullarkey, 536 F.3d 215, 225 (3d
Cir. 2008); Rycoline Products, Inc. v. C & W Unlimited, 109 F.3d
883, 886 (3d Cir. 1997).

9.   The Court concludes that the Entire Controversy Doctrine
forecloses Plaintiff's claim against BOA relating to BOA's
allegedly fraudulent payment of Ms. Venner's condominium fees to
Ms. Jennings and the SCA.  New Jersey's Entire Controversy
Doctrine "is essentially New Jersey's specific, and
idiosyncratic, application of traditional res judicata
principles." Rycoline, 109 F.3d at 886.

> The Entire Controversy Doctrine embodies the notion that
> the adjudication of a legal controversy should occur in
> one litigation in only one court; accordingly, all
> parties involved in a litigation should at the very least
> present in that proceeding all of their claims and
> defenses that are related to the underlying controversy.
> The Doctrine thus requires a party to bring in one action
> all affirmative claims that it might have against another

5

> party, including counterclaims and cross-claims . . . or
> be forever barred from bringing a subsequent action
> involving the same underlying facts.

Id. at 885 (internal quotations and citations omitted).

10. The application of the Entire Controversy Doctrine turns on three criteria: "(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." Stolinski v. Pennypacker, No. 07-3174, 2008 WL 5136945, at *13 (D.N.J. Dec. 4, 2008) (quoting Watkins v. Resorts Int'l Hotel and Casino, Inc., 124 N.J. 398, 412 (1991)).  Importantly, the doctrine "bars not only claims that were brought in a previous action, but also claims that could have been brought." Mullarkey, 536 F.3d at 225; cf. Cieszkowska v. Gray Line New York, 295 F.3d 204, 205 (2d Cir. 2002) (under traditional res judicata principles, "[e]ven claims based upon different legal theories are barred provided they arise from the same transaction or occurrence").

11. The Entire Controversy Doctrine bars Plaintiff's claim against BOA, because Plaintiff had the opportunity to raise her FDCPA claim in the BOA action[4] but did not exercise the

---

[4] Claims premised upon the FDCPA, which "provides for concurrent state-federal jurisdiction," Peterson v. United Accounts, Inc., 638 F.2d 1134, 1135 (8th Cir. 1981), may be

opportunity.  See Mullarkey, 536 F.3d at 225.  First, the judgment in the BOA action was "valid, final, and on the merits." Watkins, 124 N.J. at 412.  In that action, Judge Bookbinder entered a final foreclosure judgment in an order dated August 22, 2007, (Hanusek Cert. Ex. D at 1), dismissing the argument raised in Ms. Venner's counterclaim that she did not owe $19,349.53 in unpaid condominium payments.  (Hanusek Cert. Ex. B at 2.) Second, Ms. Venner and BOA are the identical parties to the judgment in the BOA action.  Watkins, 124 N.J. at 412.

12.  Finally, Plaintiff's claim herein – that BOA made a "wrongful payment to attorney Judith Jennings in the amount of $19,400.00 . . . [as a] fraudulent means to sell Plaintiff's property," (Compl. at 1-2) – "grow[s] out of the same transaction or occurrence" as the counterclaim Ms. Venner asserted in the BOA action.  Watkins, 124 N.J. at 412.  Specifically, Ms. Venner asserted a counterclaim in the BOA action, which the Court dismissed, in which she sought to challenge the foreclosure based upon the same "wrongful payment" by BOA to Ms. Jennings that underlies her FDCPA claim herein.  (Hanusek Cert. Ex. B at 2.) In this matter, Plaintiff has formulated a new legal theory upon which her approach to the controversy is based, but the same transaction – BOA's allegedly wrongful payment of Plaintiff's delinquent condominium fees – underlies her claim herein and her

---

pursued in state or federal court.

counterclaim in the BOA action.  Because the Entire Controversy
Doctrine requires litigants "to bring in one action all
affirmative claims that it might have against another party,
including counterclaims," Rycoline, 109 F.3d at 885 (citation
omitted), and because Plaintiff could have pursued her FDCPA
claim against BOA in the state court action, see Note 4, supra,
the Court agrees with BOA that she is barred from bringing the
claim in this later-filed suit.  The Court will thus grant BOA's
motion for summary judgment.[5]

13.  Defendant Jennings has also moved for summary judgment,
arguing that Plaintiff is collaterally estopped from asserting
her FDCPA claim against Jennings because Plaintiff asserted a
similar claim against Jennings in Superior Court, as to which
Judge Baldwin granted Jennings' motion for summary judgment.[6]  In

---

[5]  As an additional, independent basis for its grant of
summary judgment, the Court agrees with BOA that Plaintiff's
FDCPA claim against it is barred by the statute of limitations.
The FDCPA requires that civil actions be filed "within one year
from the date on which the violation occurs."  15 U.S.C. §
1692k(d).  By Plaintiff's own admission, the allegedly wrongful
acts underlying Plaintiff's FDCPA claim took place in 2005.
(Pl.'s Opp'n Br. at 2-3.)  Plaintiff commenced this action on
August 23, 2007, well after the one-year statute of limitations
had expired.  See 15 U.S.C. § 1692k(d).  Indeed, Plaintiff does
not address BOA's challenge to the timeliness of her claim in her
opposition to its motion.  Finding no material fact in dispute as
to the timeliness of Plaintiff's claim, the Court grants BOA's
motion for summary judgment on this basis as well.

[6]  Unlike Plaintiff's claim against BOA, the Entire
Controversy Doctrine does not bar Plaintiff's claim against Ms.
Jennings.  As New Jersey courts have recognized, "the entire
controversy doctrine only precludes successive suits involving

8

support of her motion, Jennings submitted nearly forty exhibits, but did not submit "a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion," as Local Civil Rule 56.1 requires.[7]  L. Civ. R. 56.1(a).  The Rule further provides that "[a] motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed."[8]  Id.

14.  Ms. Jennings' motion, with its collection of approximately forty unidentified exhibits, demonstrates the important purpose served by Rule 56.1 statements.  Jennings' motion is premised upon the argument that Plaintiff is collaterally estopped from litigating in this case the propriety

_____

related claims," and "does not require dismissal when multiple actions involving the same or related claims are pending simultaneously."  Kaselaan & D'Angelo Associates, Inc. v. Soffian, 290 N.J. Super. 293, 299 (App. Div. 1996) (citations omitted, emphasis added).  While this action was filed after judgment was entered in the BOA action, Plaintiff's Superior Court lawsuit against Ms. Jennings was "pending simultaneously" with this lawsuit.  Id.

[7]  Courts in this District have recognized that "conformity with the [Local Civil] Rules is compulsory for both counsel and pro se litigants."  Davis v. UPS, No. 07-5923, 2008 WL 4104680, at *2 n.2 (D.N.J. Sept. 4, 2008).  This is particularly true in the case of Ms. Jennings, who, although not represented by counsel in this lawsuit, is herself an attorney.  (Jennings Br. Ex. 8 at 1.)

[8]  The provision of Rule 56.1 providing for the dismissal of motions unaccompanied by statements of undisputed facts was included in the amendment to the Rule which became effective on September 4, 2008, prior to the filing of Jennings' motion.

9

of Jennings' acceptance of the $19,349.53 payment from BOA
because this very issue was litigated and decided in the Superior
Court action.  In order to prevail on such an argument, Jennings
would have to prove, <u>inter alia</u>, that the determination of this
issue "was essential to the prior judgment [of the Superior
Court]," <u>Mullarkey</u>, 536 F.3d at 225 (quoting <u>Twp. of Middletown
v. Simon</u>, 937 A.2d 949, 954 (2008)) – <u>i.e.</u>, that it was
"necessary to support the judgment rendered in the prior action."
<u>Matter of Estate of Dawson</u>, 136 N.J. 1, 20 (1994) (citation
omitted).  Whether Judge Baldwin's grant of summary judgment
decided the very issue before this Court, and whether the
determination of that issue was "necessary to support" the
judgment, <u>id.</u>, is not apparent from Ms. Jennings' submissions,
and the Court declines to comb through the nearly forty exhibits
she submitted in order to arrive at an answer to this question.
<u>See</u> <u>Comose v. New Jersey Transit Rail Operations, Inc.</u>, No.
98-2345, 2000 WL 33258658, at *1 (D.N.J. Oct. 6, 2000) (Rule 56.1
statements "save this court from having to drudge through . . .
[the evidence] to determine the facts").

   15.  The Court will thus dismiss Ms. Jennings' motion
pursuant to Local Civil Rule 56.1(a), without prejudice to her
right to refile a motion for summary judgment accompanied by a
proper Rule 56.1 statement within ten (10) days of the entry of

the Order accompanying this Opinion.  The accompanying Order is entered.


**May 19, 2009**                            **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            United States District Judge